IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                          PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:07cv172-DCB-MTP

CONSTANCE REESE, Warden F.C.I.,
EDEN WHITE, Counselor and
FCC YAZOO CITY (Low)                                                 RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, Banks, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on September 14, 2007. The petitioner was granted <u>in forma pauperis</u> status. He is requesting as relief that he be discharged from the custody of the respondents, that he be granted class action certification, and that counsel be appointed for the petitioner as well as the class.

Petitioner was convicted in the United States District Court for the Western District of Pennsylvania. The allegations of the instant habeas petition concern the petitioner being housed in the Special Housing Unit in maximum confinement at FCI Yazoo City. Petitioner complains that he was merely exercising his First Amendment right of freedom of speech when he was charged with a disciplinary infraction and placed in the Special Housing Unit. According to his response [6], he received a hearing which resulted him being placed in the Special Housing Unit, being restricted from the following: phone for 60 days, commissary for 30 days, visits for 90 days, and the cancellation of his pending transfer. Petitioner states in his petition that he "is challenging the present way that his sentence is being executed not the sentence itself."

Analysis

Initially, there must be a determination whether the instant § 2241 habeas is properly before this court notwithstanding the petitioner claim that he is challenging the execution of his sentence.[1] A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36.

Having reviewed the record, this court finds that the allegations of the instant habeas petition relate to his confinement in the Special Housing Unit and his resulting punishment of being found guilty of the incident report. These are challenges to the conditions of his confinement and have nothing to do with a claim of early release from his incarceration with the Bureau of Prisons. Therefore, the petitioner cannot maintain this habeas petition filed pursuant to 28 U.S.C. § 2241.

Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations. Therefore, the instant

---

[1] Since this court has found that the petitioner can not maintain the instant § 2241 petition on its merits, this Court will not address the exhaustion requirement other than to say that the petitioner's argument in his response [6] that exhaustion is an affirmative defense is misplaced. See Jones v. Brock, ____ U.S. ___, 127 S.Ct. 910, 921, 166 L.Ed. 21 798 (2007)(The "failure to exhaust is an affirmative defense *under the PLRA*.")(emphasis added).

§ 2241 petition is denied and dismissed with prejudice. The petitioner's conditions of confinement claims are dismissed without prejudice so that the petitioner may present these claims in the proper manner.

SO ORDERED this the ___8th___ day of November, 2007.

                                                ___s/ David Bramlette___
                                                UNITED STATES DISTRICT JUDGE